# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| SAJADA DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>BRIAN ANDERSON and AECOM CARIBE, LLP,<br><br>    Defendants.<br>_____ | 1:20-cv-00018-WAL-GWC |

**TO:** Ryan W. Greene, Esq.
   G. Alan Teague, Esq.

## ORDER

THIS MATTER is before the Court upon Plaintiff's Motion for Approval of Settlement, Appointment of Guardian and Disbursal of Funds (ECF No. 63).

Through this Motion, Plaintiff requests that the Court approve a settlement of $5,000.00 on behalf of the minor child, Sajada Davis, and appoint Plaintiff's mother, Ivy Dawson, as guardian of the settlement funds. *See* Mot. Plaintiff and Defendant were involved in a motor vehicle accident that resulted in the minor's neck and back pain. *Id*. at 1. Only one doctor's visit was needed. *Id*. Plaintiff's mother approved of this settlement. *Id*.

"[A] Court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if settlement has been recommended or negotiated by the minor's parents or guardian ad litem." *Rojas v. Two/Morrow Ideas Enterprises, Inc.*, 2010 WL 4962913, at *5 (V.I. 2010). "In order to assure that the [minor's] best interests are protected, the petition [for approval of a settlement] should include all relevant facts and the reasons why the [minor's] guardian

*Dawson et al. v. Anderson et al*
1:20-cv-00018-WAL-GWC
Order
Page 2

believes the settlement is desirable and why it is in the minor's best interests to settle the action." *Lee v. Victoria's Secret, LLC*, 2012 WL 628015, at *2 (E.D. Pa. 2012) (internal citations omitted). The Virgin Islands Supreme Court has held that relevant factors in that analysis include, *inter alia*, the extent of the injuries suffered by the minor, the relation of the settlement amount to those injuries, and the availability of funds from the defendant. *Rojas*, 53 V.I. at 695. Other factors include the relative merits of the claim and the strength of the evidence. *Lee*, 2012 WL 628015, at *2.

Having reviewed the motion, discussion at the February 1, 2022, and March 7, 2022, status conferences, and upon due consideration thereof, the Court will grant the motion.

WHEREFORE, it is now hereby **ORDERED**:

1. Plaintiff's Motion for Approval of Settlement, Appointment of Guardian and Disbursal of Funds (ECF No. 63) is **GRANTED**.

2. Ivy Dawson is appointed as Guardian for the minor Plaintiff for the purpose of administering all monies received by the Guardian and shall serve as Guardian until the minor Plaintiff has reached eighteen years of age.

3. Pursuant to the terms of the settlement agreement, while under the control of the Guardian, the funds are not to be expended absent express approval by the Court.

4. The funds are not to be released to the minor Plaintiff until she reaches the age of eighteen absent express approval by the Court.

*Dawson et al. v. Anderson et al*
1:20-cv-00018-WAL-GWC
Order
Page 3

5. Plaintiff shall file a status report within 30 days of Plaintiff's eighteenth birthday.

ENTER:

Dated: March 10, 2022

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE